UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE BRAXTON for C.D., minor child, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, <br><br> Defendant. | No. 1:11-cv-01504-MJD-RLY |

**ENTRY ON JUDICIAL REVIEW**

Claimant C.D, a minor, by her mother Michelle Braxton, requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1382c.[1] For the following reasons, the Court **AFFIRMS** the decision of the Commissioner.

**I.     BACKGROUND**

**A.  Procedural History**

On August 22, 2008, Braxton filed an application for SSI on behalf of the Claimant, a child under age eighteen, alleging a disability onset date of June 1, 2008. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Thereafter, the Claimant filed a request for a hearing, which was held on December 16, 2010 by Administrative Law Judge ("ALJ") Albert J. Velasquez. The Claimant and Braxton appeared at the hearing with

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

counsel. The ALJ found that Claimant was not disabled at any time through the date of the decision, and on September 21, 2011 the Appeals Council denied Claimant's request for review of the ALJ's decision, thus making it the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 416.1481. On March 19, 2012, Braxton, on behalf of the Claimant, filed this appeal requesting judicial review pursuant to 42 U.S.C. §405(g) and 1383(c)(3).

    **B. Factual and Medical Background**

The Claimant was four years old on the date of her application, and was seven years old on the date of the ALJ's decision. The Claimant has a history of attention deficit/hyperactivity disorder and oppositional defiant disorder, which she was diagnosed with at age four. The Claimant has had no significant physical health problems since birth. Her mother complained that the Claimant had problems with hyperactivity, difficulty sleeping, defiance, and aggressiveness, but her treating physician noted that she displayed normal thought content, speech and language for her age, easily made friends, and had good spatial and visual memory. Claimant has been treated with a variety of medications for her ADHD with some degree of success.

## II.    DISABILITY AND STANDARD OF REVIEW

An individual under the age of eighteen (a "child") is disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To satisfy this standard, a child must show that (1) she is not engaged in performing substantial gainful activity; (2) she has a severe medically determinable impairment; and (3) her impairments meet, medically equal, or functionally equal a listed impairment found in 20 C.F.R.

Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(a)-(d). At the third step of this evaluation, if a child's impairment does not meet or medically equal any listing, the ALJ must determine whether the child's impairment functionally equals a listing by considering how the child functions in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting with and relating to other people; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b). "To find an impairment functionally equivalent to a listing, an ALJ must analyze its severity in five age-appropriate categories and find an "extreme" limitation in one category or a "marked" limitation in two categories." *Brindisi v. Barnhart,* 315 F.3d 783, 785 (7th Cir. 2003) (citing 20 C.F.R. § 416.926a(a)).

The Social Security Act, specifically 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's denial of benefits. This Court will sustain the ALJ's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Nelson v. Apfel,* 131 F.3d 1228, 1234 (7th Cir. 1999). Substantial evidences is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's findings, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *Id.* While a scintilla of evidence is insufficient to support the ALJ's findings, the only evidence required is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater,* 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson,* 402 U.S. at 401).

### III. THE ALJ'S DECISION

At step one, the ALJ determined that the Claimant has not engaged in substantial gainful activity since the application date. At step two, the ALJ determined that the Claimant has the

3

following severe impairments: attention deficit/hyperactivity disorder and oppositional defiant disorder.  At step three, the ALJ concluded that the Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.924, 416.925, 416.926.  The ALJ concluded that Claimant does not have the required extreme or marked functional limitations described in Listing 112.11 (attention deficit hyperactivity disorder) and Listing 112.08 (personality disorders).  The ALJ also found that the Claimant does not have an impairment or combination of impairments that functionally equals the listings.  20 C.F.R. §§ 416.924(d) and 416.926(a).  The ALJ found that the Claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the statements concerning intensity, persistence and limiting effects of the Claimant's symptoms are not entirely credible.

In determining the degree of limitation in each of the six functional equivalence domains, the ALJ found the following regarding the Claimant's limitations caused by her impairments: less than marked limitation in acquiring and using information; marked limitation in attending and completing tasks; less than marked limitation in interacting and relating with others; no limitation in moving about and manipulating objects; no limitations in the ability to care for herself; and no limitation in health and physical well-being.  Accordingly, the ALJ concluded that the Claimant does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitations in one domain of functioning; thus concluding that the Claimant has not been disabled since the date of her application through the date of the decision.

## IV.   DISCUSSION

The Claimant's mother filed a brief in support of her appeal [Dkt. 16]; however, she presents no arguments as to why she believes that the ALJ erred in his decision.  Instead, she provided new evidence to the Court in support of her appeal.  The new evidence consists of a letter from the Claimant's treating psychologist, Dr. Pamela June, dated March 2012, in which she primarily provides an update of the Claimant's condition since the date of the ALJ's decision. [Dkt. 16 at 2-3.]

A generalized assertion of error is not sufficient to challenge an adverse ruling, and underdeveloped or unsupported contentions are waived.  *Cadenhead v. Astrue*, 410 F. App'x 982, 984 (7th Cir. 2011).  Even *pro se* litigants must present arguments supported by legal authority and citations to the record.  *Id.*  The Court, in its Entry on Briefing Schedule [Dkt. 15], provided the Plaintiff with the legal standard for disability for a child, and also specifically instructed that

> [t]he plaintiff's brief shall identify any specific step(s) of the three-step analysis at issue and shall specify the alleged error at each step. To the extent that the claimant contends that the evidence presented to the Administrative Law Judge does not support or contradicts the findings or conclusions reached, the brief should contain references to specific pages of the administrative record relied upon to raise such contentions.

[Dkt. 15 at 3.]  The Plaintiff failed to adhere to these requirements by not identifying at which step she believes that the ALJ erred, and did not specify what error was allegedly made by the ALJ.  There are no citations or references to the administrative record, but instead the Plaintiff provides additional evidence that was not before the ALJ.  Because this additional evidence was not in the record before the ALJ, it is not part of the record for purpose of this Court's substantial evidence review of the ALJ's decision.  *See* 24 U.S.C. § 405(g); *Wolfe v. Shalala*, 997 F.2d 321,

5

322 n.3 (7th Cir. 1993); *Eads v. Secretary of Dep't of Health and Human Svcs.*, 983 F.2d 815, 817 (7th Cir. 1993) ("[The ALJ] cannot be faulted for having failed to weigh evidence never presented to him….").

The Court may consider additional evidence only to determine whether it provides grounds for remand under "sentence six" of 42 U.S.C. §405(g). "Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier." *Damato v. Sullivan*, 945 F.2d 982, 986 (7th Cir. 1991) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991)). There is also a materiality requirement, meaning that there is a "reasonable probability" that the Commissioner would have reached a different conclusion had the evidence been before the ALJ. 42 U.S.C. § 405(g); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

The Plaintiff has not explained why she has good cause for failing to present the evidence attached to her brief to the ALJ, nor has she offered any explanation as to how the evidence could create a reasonable probability of changing the ALJ's decision. As stated above, Dr. June's letter was written after the date of the ALJ's decision and contains information about the Claimant that post-dated the decision date, demonstrating that the Claimant's condition may have deteriorated since the date of the decision. [Dkt. 16 at 3.] The Seventh Circuit has held that evidence of a claimant's deteriorating condition that occurred after the date of the administrative hearing does not satisfy the materiality requirement of a sentence six remand, and at best the claimant may be entitled to file a new application seeking benefits beginning at a later onset date. *Godsey v. Bowen*, 832 F.2d 443, 444-45 (7th Cir. 1987).

The Court finds that the ALJ provided substantial evidence in support of his decision. The Claimant was represented by counsel during the administrative proceedings, so she had adequate opportunity to present all relevant evidence to the ALJ. [Tr. 35.] Because the Claimant has failed to demonstrate that the ALJ committed error at any step of his analysis, her appeal must be dismissed and the ALJ's decision must be affirmed.

## V.    CONCLUSION

For the forgoing reasons, the Court **AFFIRMS** the decision of the Commissioner and the Plaintiff's appeal is **DISMISSED**.

Date:    01/08/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MICHELLE BRAXTON
12698 Sovereign Ln.
Fishers, IN 46038

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov